United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUS WHO,<br>Plaintiff,<br>v.<br>TOWN COUNCIL OF LOS GATOS, et al.,<br>Defendants. | Case No. 26-cv-08282-SK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>Regarding Docket No. 2 |

On August 10, 2026, Plaintiff filed suit against Defendants the Town Council of Los Gatos and USDC, alleging a First Amendment and RICO violation. (Dkt. No. 1.) Before the Court is Plaintiff's motion to proceed under the pseudonym "Gus Who." (Dkt. No. 2.)

The default rule in civil litigation is that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The Ninth Circuit, however, "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal quotation omitted). The Ninth Circuit has thus "permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (cleaned up).

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

Here, Plaintiff fails to indicate which situation applies and provides no authority supporting his motion to proceed anonymously. Plaintiff has thus not established "unusual" circumstances warranting pseudonymity. *Does*, 214 F.3d at 1067–68. Accordingly, the Court DENIES Plaintiff's motion to proceed under a pseudonym.

**IT IS SO ORDERED**.

Dated: August 13, 2026

SALLIE KIM
United States Magistrate Judge